**Premavathi SUNDARAM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71778.

Agency No. A75–303–986.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Sarah J.M. Jones, Law Offices of Sarah J.M. Jones, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., Hillel Smith, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Premavathi Sundaram, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995), and we deny the petition for review.

Substantial evidence supports the IJ's decision. Sundaram's testimony was contradictory and materially inconsistent with her application and written declaration concerning, *inter alia*, the year she joined the Congress Party, being beaten and jailed, and the pelting of her house with stones. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

Because Sundaram failed to establish eligibility for asylum, she necessarily failed

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Sundaram's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

We decline to address the judicial bias claim because Sundaram did not exhaust administrative remedies on this claim. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The docket shall be amended to reflect that John Ashcroft, Attorney General, is the sole respondent.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.